# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
Case No.:

CHRIS JOHANNA ROJAS GONZALEZ,

      Plaintiff,

vs.

ARNET PHARMACEUTICAL CORPORATION,
a Florida Profit Corporation,

      Defendant.

_____/

## COMPLAINT

COMES NOW, CHRIS JOHANNA ROJAS GONZALEZ, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendant ARNET PHARMACEUTICAL CORPORATION, a Florida Profit Corporation (hereinafter, "Defendant"), and states:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq*., the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant, because the acts that give rise

to Plaintiff's claims occurred within the Southern District of Florida, and because Defendant

is subject to personal jurisdiction there.

## **PARTIES**

5.  Plaintiff,  at all times relevant to this action, resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

6.  Plaintiff is a member of a class protected under the ADA, and ADAAA, and the FCRA in that she was subjected to dismissal from employment based on her disability or perceived disability and in retaliation for her disability and request for an accommodation.

7.  Plaintiff was an employee covered by the FMLA in that she was employed for at least 12 months and at least 1,250 hours prior to her request for leave. Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

8.  Defendant is a Florida corporation organized and existing in Florida with its principal place of business in Davie Florida and authorized to do business in Florida.

9.  Defendant has, at all times material, employed 50 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with 29 U.S.C. § 2611(4)(A)(iii) ,Title VII, the ADA, ADAAA, and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

10. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

11. Plaintiff's Charge was filed on or about July 28, 2020. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

12. Plaintiff was terminated from her position on or about July 20, 2020. Her Charge was therefore timely filed.

13. Plaintiff was issued a Notice of Right to Sue on February 5, 2021. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

14. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

15. All other conditions precedent to this action have been performed or have been waived.

## <u>GENERAL ALLEGATIONS RELATED TO ALL COUNTS</u>

16. Plaintiff was an employee of Defendant continuously from December 2018 through on or about July 20, 2020. At all times relevant, Plaintiff held a position as an international shipping specialist.

17. On or about May 3, 2020, Plaintiff had an accident. As a result of the accident, Plaintiff suffered several fractures, including a fracture to her left shoulder, right arm, and her scapula and had to undergo surgery.

18. Plaintiff made a request for FMLA leave. Plaintiff provided the appropriate paperwork, to her employer on or about May 19, 2020.

19. On May 21, 2020, Plaintiff was advised that her FMLA leave was approved from May 4, 2020 until May 26, 2020.

20.  On or about May 19, 2020, Plaintiff had surgery. As a result of the operation, Plaintiff's overall motricity was affected.  Plaintiff's condition is a disability under the ADA, the ADAAA, and the FCRA in that it substantially impaired Plaintiff's ability to, at minimum, drive and sit for

long periods of time. These are considered "major life activities" as defined by the ADA and ADAAA.

21. On or about May 19, 2020, Plaintiff contacted Defendant and was approved to resume work on May 27, 2020 remotely.

22. On or about June 16, 2020, Defendant contacted Plaintiff and advised her accommodation was being terminated and she was not longer permitted to telecommute.

23. Plaintiff contacted Human Resources Representative, Maria Wills and advised of her limitations and requested she was allowed to telecommute or in the alternative additional time off. The Defendant approved the Plaintiff's request for an additional four (4) weeks of FMLA leave.

24. On June 22, 2020, Plaintiff was advised that her FMLA leave was approved from June 17, 2020 until July 10, 2020.

25. On or about July 10, 2020, Plaintiff informed Defendant that she needed an additional ten 10 days and provided medical paperwork that supported her request to extend her leave.

26. On July 20, 2020, Plaintiff returned to work as scheduled. Around mid-day Plaintiff was called into a meeting wherein she was advised that she was being terminated as her position was eliminated.

27. Defendant did not offer Plaintiff a similar position within Defendant's corporation.

28. Plaintiff supplied Defendant with several notes from her doctor outlining her specific requests; not only for leave, but also for accommodations such as telecommuting.

29. These accommodation requests were made in writing and sent to Defendant's representative on several occasions.

30. Defendant denied Plaintiff's requests for reasonable accommodations set forth in ¶ 22, 26 *supra*.

31. Defendant's alleged reason(s) for Plaintiff's termination are pretextual as Plaintiff was in fact terminated from employment with Defendant as a result of her condition(s) within weeks of her reasonable requests for accommodations.

32. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's request for a reasonable accommodation and/or protected leave was a motivating factor in the decision for the adverse employment action.

33. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

### COUNT I
### VIOLATION OF THE FMLA
### (INTERFERENCE)

34. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1-33 above as though the same were fully set forth herein.

35. This is an action under the Family and Medical Leave Act of 1993 [29 U.S.C. §§ 2601 et seq.] for retaliation in violation of 29 U.S.C. § 2615(a)(1).

36. Plaintiff was eligible for FMLA leave due to her serious health condition pursuant to 29 U.S.C. § 2612(a)(1)(D).

37. She requested leave pursuant to the statute and provided all the information required by the Defendant.

38. Plaintiff gave sufficient notice to her employer of her need for leave under the FMLA and provided all necessary paperwork. Such leave was approved by Defendant.

39. Under the FMLA, 29 U.S.C. § 2614(a), Plaintiff had the right to take up to twelve (12) workweeks of leave under the Act.

40. Defendant limited Plaintiff's first request for leave to only three (3) weeks. As such, Plaintiff did take leave from May 4, 2020 through May 27, 2020.

41. Upon Defendant's denial of Plaintiff's request to telecommute, Plaintiff requested additional leave and then took additional leave from June 17, 2020 until July 20, 2020 (approximately an additional four weeks).

42. During this time, Defendant continued to contact Plaintiff prior to her scheduled return date.

43. Immediately upon Plaintiff's return to work on July 20, 2020, Defendant terminated Plaintiff's employment.

44. Plaintiff was told that her position had been eliminated and was not offered another similar position. Plaintiff's termination constitutes an adverse employment action.

45. The fact that Plaintiff took leave was a "protected activity" under the FMLA.

46. Plaintiff's leave was, at minimum, a motivating factor in Defendant's decision to terminate her employment.

47. Defendant's purported reason(s) for terminating Plaintiff are pretextual.

48. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

49. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from the Defendant.

**WHEREFORE,** Plaintiff requests judgment for:

A. Adjudge and decree that the Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of the Defendant's violation of the FMLA, all as provided in 29 U.S.C. §2617;

C. Interest on the amount found due;

D. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

E. Plaintiff's costs of suit herein together with reasonable attorney's fees incurred in this action; and

F. Such other relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FMLA
## (RETALIATION)

50. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-33 above as though the same were fully set forth herein.

51. This is an action under the Family Medical Leave Act of 1993 [29 U.S.C. §§ 2601 et seq.] for retaliation in violation of 29 U.S.C. § 2615(a)(1).

52. Plaintiff was an employee covered by the FMLA in that she was employed for at least 12 months and at least 1,250 hours prior to her for her serious medical condition.  Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

53. At all times relevant hereto, Defendant was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it employed over 50 employees in 20 or more workweeks in the current or preceding calendar year.

54. Plaintiff gave sufficient notice to her employer of her need for leave and provided all necessary paperwork.

55. Plaintiff did take leave from May 4, 2020 through May 27, 2020 and then took additional leave from June 17, 2020 until July 20, 2020.

56. Immediately following Plaintiff's second period of leave, Defendant terminated Plaintiff's employment.

57. The fact that Plaintiff requested leave was a "protected activity" under the FMLA.

58. Plaintiff's leave request was, at minimum, a motivating factor in Defendant's failure to promote and/or Defendant's decision to terminated Plaintiff's employment.

59. Defendant's purported reason(s) for terminating Plaintiff are pretextual.

60. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

61. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from Defendant.

**WHEREFORE,** Plaintiff requests:

    A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

    C. Interest on the amount found due;

    D. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    E. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

    F.  Such other relief as the Court deems just and proper.

**<u>COUNT III</u>**
**FAILURE TO ACCOMMODATE IN VIOLATION**
**OF THE ADA AND ADAAA**

62. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-33 above as though the same were fully set forth herein.

63. Plaintiff is disabled as she suffered from multiple fractures to her upper body that limited her overall motricity including her ability to sit or drive for extended periods of time.

64. Plaintiff is, and at all times was, qualified to perform the essential functions of her job with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans With Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

65. The ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of his actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

66. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9). Plaintiff requested telecommuting and/or that she have extended time off from work between May and July 2020. This request was reasonable and would not have caused Defendant undue hardship.

67. The adverse treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's

9

actual disability, which substantially limited her in one or more major life activity and/or Plaintiff's record of having such disability.

68. Defendant's alleged bases for its adverse treatment of Plaintiff if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

69. Defendant's stated reason for terminating Plaintiff—is not based on any known facts in this case.

70. Even if Defendant could assert legitimate reasons for its adverse treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

71. Defendant engaged in unlawful employment practices in violation of 42 USC §2000e-2 by discriminating against Plaintiff because of her disability by terminating her because of her condition under the circumstances described above.

72. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

73. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

74. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

**WHEREFORE,** Plaintiff requests judgment against Defendant as follow:

      A.  Actual damages as a result of Defendant's discriminatory actions;

B.  Punitive damages due to Defendant's willful behavior;

C.  Compensatory damages;

D.  Injunctive relief where feasible;

E.  Attorney's fees;

F.  Costs of this action; and

G.  Any other relief this Court deems proper.

## COUNT IV
## HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA

75. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-33 above as though the same were fully set forth herein.

76. Section 760.10 of the FCRA states in relevant part:

(1) it is unlawful employment practice for an employer:
(a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

77. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

78. Specifically, Plaintiff alleges that Defendant wrongfully denied her reasonable requests for an accommodation to her disability and terminated her.

79. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result

of Plaintiff's actual disability, which substantially limited her in one or more major life activities, and/or Plaintiff's record of having such disability.

80. Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

81. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

82. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

83. Based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff requests judgment against Defendant as follows:

    A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT V**
**VIOLATION OF THE ADA AND ADAAA**
**(RETALIATION)**

84. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-33 above as though the same were fully set forth herein.

85. Plaintiff requested reasonable accommodation(s) for her disability. This request was made to the Human Resources Representative, Maria Wills.

86. As a direct result of Plaintiff's requests for a reasonable accommodation, Plaintiff was subjected to disparate treatment and adverse employment action.

87. Plaintiff's limitation on her leave, denial of request to telecommute and/or  termination constitutes  adverse employment action(s) under the ADA and ADAAA.

88. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the ADA and ADAAA. Defendant,

by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

89. Defendant's states reason(s) for denying Plaintiff's request for accommodation is pretextual.

90. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for reasonable accommodation, was a motivating factor in the decision for the adverse employment action(s).

**WHEREFORE,** Plaintiff requests that:

    A.   The Court award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

    B.   The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

    C.   The Court award Plaintiff such other and further relief as the Court deems appropriate.

<u>**COUNT VI**</u>
<u>**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**</u>
<u>**(RETALIATION)**</u>

91. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-33 above as though the same were fully set forth herein.

92. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

93. Plaintiff made requests for reasonable accommodations for her disability.

94. This request was a protected activity under the FCRA.

95. As a direct result of Plaintiff's requests, Defendant terminated Plaintiff without valid cause.

96. Plaintiff's requests for a reasonable accommodation of her disability was a motivating factor in Defendant's decision to terminated Plaintiff.

97. Defendant knew of Plaintiff's disability and her request as Plaintiff made these request to Maria Wills who was a Human Resources Representative.

98. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, and has suffered emotional distress and damage.

99. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

100. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Maria Wills and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

101. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

102. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for a reasonable accommodation and sick leave, were a motivating factor in the decision for the adverse employment action(s).

103. Plaintiff further seeks her attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. Any other relief this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff CHRIS JOHANNA ROJAS GONZALEZ demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: March 24, 2021

PEREGONZA THE ATTORNEYS, PLLC
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

# EXHIBIT A

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: **Chris J. Rojas-Gonzalez**<br>**16909 N. Bay Road**<br>**Apt. 104**<br>**Sunny Isles Beach, FL 33160** | From: **Miami District Office**<br>**Miami Tower, 100 S E 2nd Street**<br>**Suite 1500**<br>**Miami, FL 33131** |

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **510-2021-02351** | **Pablo Alfonso,**<br>**Federal Investigator** | **(786) 648-5862** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Twanya Westmoreland*

Twanya Westmoreland

February 5, 2021

**BRADLEY A. ANDERSON,**
**Acting District Director**

*(Date Issued)*

Enclosures(s)

cc:
**Arnet Pharmeceutical Corp.**
**c/o Kristy Armada, Esq.**
**Olive Judd, P.A.**
**2426 East Las Olas Boulevard**
**Fort Lauderdale, FL 33301**

**Nathaly Saavedra, Esq.**
**1414 N.W. 107th Avenue**
**Suite 302**
**Doral, FL 33172**

Enclosure with EEOC
Form 161-B (11/2020)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** --- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** --- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than** **2 years (3 years)** **before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit *before 7/1/10 -- not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** --- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** --- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request** **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*